**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Vollmer and Peter M. Kane, ) | No. CV 10-1182-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Randall C. Present, *et al.*, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Currently before this Court is Defendants John G. Stumpf, R.K. Arnold, Wells Fargo Bank, N.A., and Mortgage Electronic Registration System's ("MERS") Motion to Dismiss, (Doc. 6), and Motion to Stay or Continue Their Responses to Plaintiff's Abusive Filings, (Doc. 46); Defendants Randall C. Present and Donald Tomnitz's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Joinder in Defendants Stumpf, Arnold, Wells Fargo, and MERS's Rule 12(b)(6) Motion to Dismiss. (Doc. 20); and Plaintiffs' Brian Vollmer and Peter M. Kane's Motion to Remand to State Court, (Doc. 11), Motion to Enter a New and/or Amended Complaint for this Court's and All Parties' Clarification, (Doc. 25), Motion to Amend Complaint, (Doc. 26), Omnibus Motion, (Doc. 34), Motion to Charge Defendants and Defendants' Attorney's with Fraud and Other Crimes Pursuant to Federal and State Law as Evidenced by the Forensic Examination, (Doc. 36), Motion to Strike All of Defendants' Motions for Defendants' Attorneys' Violations of: L.R.Civ.P. Rule 83.3 and

F.R.Civ.P. Rule 11 and This Court's Violation of L.R.Civ.P. Rule 83.5 and Motion for Relief Pursuant to Rule 60(b)(3/4) and Appointment of Fiduciary, (Doc. 37), and Motion to Deny all Joinders. (Doc. 45). Having carefully considered the Parties' pleading and determined that oral argument is unnecessary, the Court issues the following Order.

**I.     BACKGROUND**

On or about September 26, 2006, Plaintiffs' Brian Vollmer and Peter M. Kane borrowed $219,876.00 from DHI Mortgage Company, Ltd. The Parties evidenced the loan by a promissory note secured by a Deed of Trust on the property, which is located at 4303 South 10th Avenue, Tolleson, Arizona. (Deed of Trust, Exh. A, pp.2–3).[1] The Deed of Trust identified Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, but solely as nominee for the Lender, it successors and assigns. (Id., p. 2, ¶ E). It appears that Plaintiffs defaulted on their mortgage, and on February 3, 2010, First American Title Insurance Company noticed a Trustee's Sale pursuant to the power of sale in the Deed of Trust. (Notice of Trustee Sale, Doc. 6, Exh. B.).

On May 4, 2010, Plaintiffs brought suit in state court, seeking an emergency temporary restraining order to halt the scheduled sale of their property. (Doc. 1). The state court did not act on their petition, and on May 5, 2007, Plaintiffs property was sold at public auction. (Trustees Deed Upon Sale, Doc. 6, Exh. C). Defendants Stumpf, Arnold, Wells Fargo Bank, and MERS removed this case to federal court on June 3, 2010. (Doc. 1). On June 10, these Defendants filed the instant Motion to Dismiss. (Doc. 6). Plaintiffs responded on June 24, 2010, (Doc. 19), and the motion became fully briefed on July 12, 2010 (Doc. 30). On June 17, 2010, Plaintiffs filed their Motion to Remand, (Doc. 11), which became fully briefed when Defendants responded on June 29, 2010. (Doc. 22).

---

[1] This Court may consider the Note and Deed of Trust, Notice of Trustee's Sale, and Trustees Deed Upon Sale without converting this motion into one for summary judgment because the documents are central to the allegations in the complaint. See e.g., Townsend v.Columbia Operations, 667 F.2d 844, 848-49 (9th Cir. 1982).

1  Defendants Present and Tomnitz filed their Motion to Dismiss on June 25, 2010, (Doc. 20),
2  Plaintiffs responded on July 6, 2010, (Doc. 24), and Defendants filed their reply on July 14,
3  2010. (Doc. 32).

4  On July 6, 2010, Plaintiffs filed their Motion to Enter a New and/or Amended
5  Complaint for this Court's and All Parties' Clarification, (Doc. 25), and Motion to Amend
6  Complaint, (Doc. 26). On July 22, 2010, Plaintiffs filed their Omnibus Motion, Doc. 34),
7  which Defendants responded to on July 27. (Doc. 35). On July 27, 2010, Plaintiff filed their
8  Motion to Charge Defendants and Defendants' Attorney's with Fraud and Other Crimes
9  Pursuant to Federal and State Law as Evidenced by the Forensic Examination, (Doc. 36),
10 and their Motion to Strike All of Defendants' Motions for Defendants' Attorneys' Violations
11 of: L.R.Civ.P. Rule 83.3 and F.R.Civ.P. Rule 11 and This Court's Violation of L.R.Civ.P.
12 Rule 83.5 and Motion for Relief Pursuant to Rule 60(b)(3/4) and Appointment of Fiduciary.
13 (Doc. 37). Plaintiff's filed their Motion to Deny all Joinders on August 9, 2010. Finally,
14 on August 12, 2010, Defendants filed their Motion to Stay or Continue Their Responses to
15 Plaintiff's Abusive Filings. (Doc. 46).

16 **II.    PLAINTIFFS' MOTION TO REMAND**

17 The Court turns first to Plaintiffs' Motion to Remand. The removal statute authorizes
18 a defendant to remove to federal court "any civil action brought in a State court of which the
19 district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In other
20 words, "[o]nly state court actions that originally could have been filed in federal court may
21 be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386,
22 392 (1987). The party invoking the removal statute bears the burden of establishing federal
23 jurisdiction. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988).
24 Courts strictly construe the removal statute against removal. Id.

25 In support of their request, Plaintiffs admit that their Complaint raises the possibility
26 of federal questions, but argues that remand is proper because the majority of their claims
27 sound in state law. (Doc. 11, p. 3). Plaintiffs' argument, however, misses the point, as there
28 is clearly diversity of citizenship between these Parties and the jurisdictional minimum of

$75,000.00 has also been satisfied: Plaintiffs are both citizens of Arizona, all Defendants are citizens of states other than Arizona, and Plaintiffs action challenges the validity of a loan in the amount of $219,876.00. See Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (finding jurisdictional minimum was met where "whole purpose of this action is to foreclose the Bank from selling this property" and the property was worth more than the jurisdictional minimum). Accordingly, removal is proper pursuant to 28 U.S.C. § 1332 irrespective of the particulars of Plaintiffs' claims. Therefore, Plaintiffs' motion to remand is denied.

**III.    DEFENDANTS' MOTION TO DISMISS**

Defendants Stumpf, Arnold, Wells Fargo Bank, and MERS ask this Court to dismiss Plaintiffs' Complaint for insufficient service of process and pursuant to Fed. R. Civ. 12(b)(6) for failure to state a claim. Additionally, Defendants Stumpf and Arnold argue that dismissal is also appropriate because this Court lacks personal jurisdiction over them. Defendants' service of process argument, however, is moot as three weeks after Defendants' filed their motion, Plaintiffs demonstrated service of process, and Defendants agree that this Court need not consider their service of process arguments. (Reply, Doc. 30, p.2). Additionally, Defendants Present and Tomnitz have also moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction, and have joined in Defendants' Stumpf, Arnold, Wells Fargo Bank, and MERS arguments pursuant to 12(b)(6).

**A.    Personal Jurisdiction**

The Court turns first to Defendants' Stumpf and Arnold's and Present and Tomnitz's personal jurisdiction arguments, which are essentially identical. In short, Defendants assert that this Court lacks personal jurisdiction because Plaintiffs' sole reference to them is in the caption of Plaintiffs' Complaint. Plaintiffs bare the burden of demonstrating that jurisdiction is appropriate. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)

> Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." Id. In such cases, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." Caruth v. International Psychoanalytical Ass'n, 59 F.3d 126, 128

- 4 -

>(9th Cir.1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir.1977), uncontroverted allegations in the complaint must be taken as true. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996).

Id. Having reviewed the Plaintiffs' Complaint, the Court finds that Defendants are correct: the Complaint does not make a single reference to either Stumpf, Arnold, Present, or Tomnitz. Accordingly, it does not sufficiently allege facts that can form the basis of a prima facie showing of personal jurisdiction against these Defendants Id. Additionally, Plaintiffs are incorrect that Defendants waived their right to challenge this Court's jurisdiction by removing this action from state court. See Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986). Therefore, Defendants' Stumpf and Arnold and Present and Tomnitz's Motions to Dismiss for lack of personal jurisdiction are granted.

### B. Failure to State a Claim

The Court turns next to Defendants' argument that Plaintiffs have failed to state a claim for relief. Plaintiffs' Complaint, which number 132 pages in length, completely ignores Rule 8's admonition that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." FED.R.CIV.P. 8(a)(2), 8(d)(1). It is generalized, conclusory, and, at times, non-sensical, quoting various sources at length on a myriad of issues tangentially related to this country's financial system. In their Motion, Defendants have identified what they believe are six possible claims intended to have been plead by Plaintiffs: (1) show me the note; (2) confession of judgment; (3) unconscionable contract of adhesion; (4) vapor money; (5) fraud; and (6) civil RICO violation. Having reviewed the Complaint, the Court finds that Defendants appraisal of Plaintiffs' claims—to the extent the allegations in Plaintiffs' Complaint can be so labeled—is correct, and the Court will address each one in turn.

/ / /

**1.     Legal Standard**

The Court must liberally construe pleadings submitted by a pro se claimant, affording the claimant the benefit of any doubt. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the Court "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the plaintiff must simply allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,__U.S.__, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. In evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**2.     Show Me the Note**

Plaintiffs' Complaint alleges that "absent possession of the GENUINE ORIGINAL PROMISSORY NOTE singed [sic] by Plaintiff, Defendant cannot lawfully move forward with the non-judicial process as the non-judicial court authorities do NOT have subject matter jurisdiction." (Complaint, p.15). Accordingly, Plaintiffs appear to suggest that Defendants had no authority to foreclose on their home because Defendants were not holders

1 in due course of the original promissory note. This theory, which is often referred to as
2 "show me the note," has been roundly rejected by the District of Arizona. <u>Diessner v.</u>
3 <u>Mortgage Elec. Registration Sys.</u>, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict
4 courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); <u>See,</u>
5 <u>e.g.</u>, <u>Ciardi v. Lending Co.</u>, 2010 WL 2079735 (D. Ariz. May 24, 2010); <u>Silvas v. GMAC</u>
6 <u>Mortg.</u>, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009, amended Jan. 5, 2010); <u>Contreras v. U.S.</u>
7 <u>Bank</u>, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009). Given that it is not a cognizable legal
8 theory, Plaintiffs' show me the note claim is dismissed with prejudice. <u>Mansour v.</u>
9 <u>Cal-Western Reconveyance Corp.</u>, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006) ("Dismissal
10 is appropriate where the complaint lacks . . . a cognizable legal theory . . ..").

### 3.     **Confession of Judgment**

12 In their Complaint, Plaintiffs allege that Defendants may not "use the confession of
13 judgement as written in the mortgage for any proceeding," and that "Arizona law requires
14 the power of attorney for the confession of judgment to be signed AFTER the indebtedness
15 became due and payable." (Complaint, p.22; 28–30). In other words, Plaintiffs suggest that
16 their Deed of Trust and its power of sale clause constitutes an unlawful cognovit note, which
17 is an " ancient legal device by which the debtor consents in advance to the holder's obtaining
18 a judgment without notice or hearing, and possibly even with the appearance, on the debtor's
19 behalf, of an attorney designated by the holder." <u>D. H. Overmyer Co. Inc., of Oh. v. Frick</u>
20 <u>Co.</u>, 405 U.S. 174, 177 (1972). In support of this argument, Plaintiffs cite to A.R.S. § 44-
21 143, which states that:

> Judgment by confession shall not be entered upon a note, bond or other instrument in writing for the payment of money under the authority of a power of attorney to confess judgment thereon, unless such authority is executed and acknowledged on a day subsequent to the date on which the indebtedness to be confessed became due and payable.

25 Plaintiff's claim, therefore, appears to be an attack on Arizona's non-judicial foreclosure
26 regime, under which "a power of sale is conferred upon the trustee of a trust deed under
27 which the trust property may be sold . . . after a breach or default in performance of the
28 contract or contracts, for which the trust property is conveyed as security . . .." A.R.S. §

- 7 -

1  33-807(A). This Court is not aware of, and Plaintiffs have not cited to, any authority that
2  suggests A.R.S. § 44-143 overrides or otherwise delegitmizes a trustee's power of sale
3  pursuant to A.R.S. § 33-807(A). This is because under Arizona law, "deed of trust sales are
4  conducted on a contract theory under the power of sale authority of the trustee." In re Krohn,
5  52 P.3d 774, 777 (Ariz. 2002). Accordingly, a non-judicial foreclosure proceeding does not
6  result in a judgment which might subject the proceedings to Arizona's confession of
7  judgment statute, and Plaintiffs' claim predicated on A.R.S. § 44-143 is dismissed with
8  prejudice. Mansour, 618 F. Supp. 2d at 1181.

### 4.     Unconscionable Contract

10  Plaintiffs' Complaint also appears to classify their mortgage agreement as an
11  unconscionable contract, stating that "[a]nyone who would knowingly agree to a nonjudicial
12  foreclosure, where the illegally appointed bank trustee has the power to foreclose on your
13  home at his and/or her whim, is ludicrous and would have to be totally incompetent."
14  (Complaint, p.42). Unconscionability has two dimensions: procedural and substantive.
15  "Substantive unconscionability concerns the actual terms of the contract and examines the
16  relative fairness of the obligations assumed." Maxwell v. Fidelity Fin. Servs., Inc., 184 Ariz.
17  82, 89, 907 P.2d 51, 58 (Ariz.,1995). Indicative of substantive unconscionability are contract
18  terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance
19  in the obligations and rights imposed by the bargain, and significant cost-price disparity."
20  Id. Procedural unconscionability, on the other hand, concerns the process that led to the
21  formation of the contract, or what the Arizona Supreme Court has referred to as "bargaining
22  naughtiness." Id. When examining procedural unconscionability courts look to "the real and
23  voluntary meeting of the minds of the contracting party: age, education, intelligence, business
24  acumen and experience, relative bargaining power, who drafted the contract, whether the
25  terms were explained to the weaker party, whether alterations in the printed terms were
26  possible, whether there were alternative sources of supply for the goods in question." Id.
27  (quoting Johnson v. Mobil Oil Corp.,415 F. Supp. 264, 268 (E.D. Mich.1976)).

28  Besides criticizing the power-of-sale clause contained in their Deed of Trust, Plaintiffs

- 8 -

have not alleged facts directed towards a claim for substantive unconscionability. With respect to the power-of-sale clause, Plaintiffs' Complaint does not explain how a provision allowing for a non-judicial foreclosure is substantively unfair, and this Court sees none. Power-of-sale clauses are common and, more importantly, are clearly contemplated by Arizona law. See A.R.S. § 33-810. Plaintiffs allegations also suggest that the inclusion of the power-of-sale clause in the Deed of Trust was procedurally unconscionable, but, once again, do not allege facts which support such a claim. Plaintiffs' Complaint states that Plaintiffs did not "knowingly agree to have their home subject to a power of sale clause." This allegation, however, is directly undercut by the fact that both Plaintiffs signed the Deed of Trust and initialed the page which contains the power-of-sale clause. (Doc. 6, Exh. A, p.13, ¶22). Plaintiffs also state that they did not know what the term "power of sale" meant. (Complaint, p.45). The mere fact that Plaintiffs, who do not appear to have been financially sophisticated, entered into a contract with a financially sophisticated bank is not, in and of itself, enough to find procedural unconscionability. See Phillips v. Fremont Inv. & Loan, 2009 WL 4898259, *2 (D. Ariz. Dec. 11, 2009). In short, to state a claim, Plaintiffs need to bring forth specific facts "to raise a right to relief above the speculative level," identifying specific aspects of the contract negotiation that might render the contract unconscionable. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). This they have not done, and, as a result, this Court must dismiss any claims predicated the Deed of Trust being an unconscionable contract.

### 5. Vapor Money

The claim that makes up a great deal of Plaintiffs' Complaint concerns what Court's have dubbed the "Vapor money theory." Proponents of the vapor money theory, including these Plaintiffs, argue that mortgages are not enforceable because banks do not actually loan money. As the Plaintiffs' Complaint explains:

> The bank does not loan money . . . The Mortgage note acts like money. To make it look like the bank loaned you the money the bank deposits your mortgage note (lien on the property) as money from which to issue a check. No money was loaned to legally fulfill the contract for the bank to own the mortgage note. By doing this, the bank received the lien on the property

- 9 -

> without risking or using once cent.
> The check is not money, the check merely transfers money and by transferring money the check acts LIKE money. The money deposited is the mortgage note. *If the bank never fulfills the contract to loan money, then the bank does not own the mortgage note.* The deposited mortgage note is still your money and the checking account they set p in your name, which they credited, from which to issue the check, is still your money. They only returned your money in the form of a check. Why do you have to fulfill your end of the agreement if the bank refuses to fulfill their end of the agreement? If the bank does not loan you their money they have not fulfilled the agreement, the contract is void.

(Complaint, p. 58, (emphasis in original)). Although not lacking in ingenuity and creativity, this theory is entirely implausible and meritless, and "smacks of bad faith in that after foreclosure proceedings, plaintiff suddenly files this suit seeking in effect to have the loan with which he obtained his residence declared illegal so as to back out of his contractual promise to pay the loan." Gentsch v. Ownit Mortg. Solutions Inc., 2009 WL 1390843, *5 (E.D. Cal., May 14 2009) (internal quotations omitted) (citing Nixon v. The Individual Head of St. Joseph Mortgage Co., 615 F.Supp. 898, 900-01 (N.D. Ind.1985). Not surprisingly, numerous district courts of the Ninth Circuit have rejected vapor money theory or other similar claims. See, e.g., Kuder v. Washington Mutual Bank, 2009 WL 2868730, *3 and n. 5 (E.D. Cal. Sept. 2, 2009) ("[Plaintiff's claims are premised on the so-called 'vapor money' theory which has been consistently rejected by federal courts as frivolous."); Rodriguez v. Summit Lending Solutions, Inc. et al., 2009 WL 1936795 at *2 (S.D. Cal. July 7, 2009) ("One of Plaintiffs' central claims is that the underlying loan is unenforceable because the bank did not issue 'legal tender' to the borrower. As discussed by [Defendant] in its motion to dismiss, this 'vapor money' theory has been uniformly rejected as frivolous by the courts."); Sequeira v. Wells Fargo Home Mortgage, 2009 U.S. Dist. LEXIS 31580, *3 (N.D. Cal. Apr. 1, 2009) (noting that courts "consistently have rejected such a theory of liability"). In short, Plaintiffs' vapor-money claim is not plausible, and therefore is dismissed with prejudice. Mansour, 618 F. Supp. 2d at 1181.

**6. Fraud**

As part of their discussion of vapor money theory, Plaintiffs allege that "by the banks not fulfilling the contract by loaning legal tender, they make the alleged borrower, a

1 depositor. This is fraudulent conversion of the mortgage note. A fraud is a felony."
2 (Complaint, 74). Assuming this statement is intended as an allegation of fraud, it has not
3 been plead with sufficient specificity. Under Arizona law, a showing of fraud requires "(1)
4 a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity
5 or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the
6 manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's
7 reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury."
8 Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966). Rule 9(b) of the Federal Rules
9 of Civil Procedure mandates that "[i]n alleging fraud or mistake, a party must state with
10 particularity the circumstances constituting fraud or mistake." This means that the pleadings
11 must be "be specific enough to give defendants notice of the particular misconduct ... so that
12 they can defend against the charge and not just deny that they have done anything wrong."
13 Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v.
14 California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotations omitted)). "[W]hile a
15 federal court will examine state law to determine whether the elements of fraud have been
16 pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances
17 of the fraud must be stated with particularity is a federally imposed rule." Vess v. Ciba-Geigy
18 Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (internal quotations omitted).

19 Plaintiffs generalized allegations against "Banks" do not come close to making the
20 type of who, what, where, when, and how factual allegations that are required by Rule 9(b).
21 Vess, 317 F.3d at 1102 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the
22 who, what, when, where, and how' of the misconduct charged."). Plaintiffs' Complaint
23 merely lobs generalized accusations of fraud against all the Defendants as group, without
24 specifically setting forth facts that explain how any Defendant has committed fraud.
25 Accordingly, Plaintiffs' Complaint is not sufficiently specific to "provide [D]efendants with
26 adequate notice to allow them to defend the charge." In re Stac Elecs. Sec. Litig., 89 F.3d
27 1399, 1405 (9th Cir.1996) (setting forth three purposes that Rule 9(b) serves). This is true
28 both of the specific allegation of fraud mentioned above—the one relating to the vapor

- 11 -

1  money theory—as well as any other allegation of fraud Plaintiffs intended to have plead.
2  Therefore, any claim based on fraud is dismissed.

### 7.  RICO

4  Finally, Plaintiffs' Complaint states that they "may have additional claims for relief
5  under 'Civil RICO' Federal Racketeering laws (18 U.S.C. § 1964)." (Complaint, p.94).
6  Specifically, Plaintiff states that "[t]he Lender may have established a 'pattern of
7  racketeering activity' by using the U.S. Mail more than twice to collect an unlawful debt and
8  the lender may be in violation of 18. U.S.C. §§§§ 1341, 1343, 1961, and 1962." (Id.).
9  Racketeering claims, like fraud claims, are subject to Rule 9(b)'s heightened pleading
10 standard.  See, e.g., Wagh v. Metris Direct, Inc., 363 F.3d 821, 825 (9th Cir.2003) (holding
11 that heightened pleading standards of Fed.R.Civ.P. 9(b) apply to fraud elements of RICO
12 claim).  Plaintiffs' Complaint, which mentions only the possibility of a RICO claim and is
13 directed towards banks generally, not these Defendants, clearly does not satisfy the dictates
14 of Rule 9(b).  Any claim predicated on RICO, therefore, is dismissed.

### 8.  Conclusion

16 Having carefully considered Plaintiffs' Complaint, this Court has determined that it
17 fails to state any claims for relief.  Accordingly, Defendants' Motion to Dismiss pursuant
18 to Rule 12(b)(6) is granted.

## IV.  PLAINTIFFS' MOTIONS TO AMEND

20 Plaintiffs' have asked this Court for leave to file an Amended Complaint.  The Court
21 will grant this request, but only as to those claims for which Amendment would not prove
22 futile.  As indicated in the preceding section, the Court has dismissed with prejudice
23 Plaintiffs' "show me the note", vapor money, and confession of judgment claims, as these
24 claims are not predicated on cognizable legal theories.  Accordingly, Plaintiffs may not re-
25 allege these claims in any future complaint.  On the other hand, Plaintiffs' claims that are
26 predicated on cognizable legal theories, but have been dismissed because of insufficient
27 factual allegations, may be amended.  These claims are: confession of judgment,
28 unconscionable contract of adhesion, fraud, and civil RICO violation.  Should Plaintiffs

choose to file an Amended Complaint, the Court reminds Plaintiffs that Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED.R.CIV.P. 8(a). Additionally the Court notes the instant Complaint is difficult to follow, as it fails to set each claim out individually, fails to specify which facts underlie which claims, and is completely general (i.e. not specific to these Defendants). Any amended complaint should focus on facts from which this Court can determine the harm Defendants caused to Plaintiffs and why Plaintiffs are entitled to seek relief for these alleged harms in this Court. Plaintiffs must also be sure to allege sufficient facts to meet the jurisdictional requirements of this Court. The Court will only give Plaintiffs this one opportunity to amend their Complaint before it dismisses the lawsuit in its entirety. To avoid dismissal, at a minimum, Plaintiffs must:

> make clear . . .allegations **in short, plain statements with each claim for relief identified in separate sections.** In the amended complaint, [Plaintiffs] must write out the rights [they] believe[] were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of [Plaintiffs'] rights, and what specific injury [Plaintiffs] suffered because of the other person's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). **Each claim of an alleged violation must be set forth in a separate count.** Any amended complaint filed by [Plaintiffs] must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

Kennedy v. Andrews, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

### V. PLAINTIFFS' and DEFENDANTS' REMAINING MOTIONS

Having determined that Plaintiffs' Complaint must be dismissed the Court denies as either as moot or inappropriate Plaintiffs' remaining motions. In some of these motions, Plaintiffs have accused Defendants and their counsel of wrongdoing and violations of the rules of civil procedure. This Court, however, finds no grounds to support any of the allegations therein. Additionally, because this Court has dismissed the Complaint,

1 Defendants' Motion to Stay or Continue Their Responses to Plaintiff's Abusive Filings is
2 also moot.
3 **Accordingly,**
4 **IT IS HEREBY ORDERED** granting Defendants John G. Stumpf, R.K. Arnold,
5 Wells Fargo Bank, N.A., and Mortgage Electronic Registration System's Motion to Dismiss,
6 (Doc. 6).
7 **IT IS FURTHER ORDERED** granting Defendants Randall C. Present and Donald
8 Tomnitz's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Joinder in
9 Defendants Stumpf, Arnold, Wells Fargo, and MERS's Rule 12(b)(6) Motion to Dismiss.
10 (Doc. 20).
11 **IT IS FURTHER ORDERED** denying as moot John G. Stumpf, R.K. Arnold, Wells
12 Fargo Bank, N.A., and Mortgage Electronic Registration System's Defendants Motion to
13 Stay or Continue Their Responses to Plaintiff's Abusive Filings. (Doc. 46).
14 **IT IS FURTHER ORDERED** denying Plaintiffs' Brian Vollmer and Peter M.
15 Kane's Motion to Remand to State Court. (Doc. 11).
16 **IT IS FURTHER ORDERED** granting Plaintiffs' Brian Vollmer and Peter M.
17 Kane's Motion to Enter a New and/or Amended Complaint for this Court's and All Parties'
18 Clarification, (Doc. 25).
19 **IT IS FURTHER ORDERED** granting Plaintiffs' Brian Vollmer and Peter M.
20 Kane's Motion to Amend Complaint, (Doc. 26).
21 **IT IS FURTHER ORDERED** denying as moot Plaintiffs' Brian Vollmer and Peter
22 M. Kane's Omnibus Motion, (Doc. 34).
23 **IT IS FURTHER ORDERED** denying Plaintiffs' Brian Vollmer and Peter M.
24 Kane's Motion to Charge Defendants and Defendants' Attorney's with Fraud and Other
25 Crimes Pursuant to Federal and State Law as Evidenced by the Forensic Examination, (Doc.
26 36).
27 **IT IS FURTHER ORDERED** denying Plaintiffs' Brian Vollmer and Peter M.
28 Kane's Motion to Strike All of Defendants' Motions for Defendants' Attorneys' Violations

1  of: L.R.Civ.P. Rule 83.3 and F.R.Civ.P. Rule 11 and This Court's Violation of L.R.Civ.P.
2  Rule 83.5 and Motion for Relief Pursuant to Rule 60(b)(3/4) and Appointment of Fiduciary,
3  (Doc. 37).
4      **IT IS FURTHER ORDERED** denying as moot Plaintiffs' Brian Vollmer and Peter
5  M. Kane's Motion to Deny all Joinders. (Doc. 45).
6      DATED this 30th day of November, 2010.

                Mary H. Murgula
                United States District Judge