**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Vollmer and Peter M. Kane, | )  No. CV-10-1182-PHX-MHM |
| Plaintiff, | ) |
| vs. | )  **ORDER** |
| Randall C. Present, et al., | ) |
| Defendants. | ) |

Presently before the Court is Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") Motion to Quash *Lis Pendens*. (Doc. 62). After reviewing the documents filed by the parties and the relevant law, the Court issues the following order.

**I.    BACKGROUND**

On February 3, 2010, pursuant to the Power of Sale in the Deed of Trust, First American Title Insurance Company noticed a Trustee's Sale of Plaintiffs' property, located at 4304 South 104th Avenue, Tolleson, Arizona ("the property"). (Notice of Trustee Sale, Doc. 6, Exh. B). On May 4, 2010, Plaintiffs brought suit in state court seeking an emergency temporary restraining order enjoining the sale of the property. (Doc. 1). Plaintiffs also recorded a notice of *lis pendens* with the Maricopa County Recorder's Office on May 7, 2010. (Doc. 62). On June 3, 2010, Defendants collectively removed the case to this Court. (Doc. 1). One week later, Defendants moved to dismiss the case. (Doc. 6). After reviewing

1  the parties' arguments and the relevant law, this Court granted Defendants' motion and
2  dismissed Plaintiffs' action on January 4, 2011.  (Doc. 54).  On February 20, 2011, Wells
3  Fargo sent Plaintiffs a letter demanding that the *lis pendens* be removed.  (Doc. 62 at 3).
4  Plaintiffs did not respond, and Wells Fargo filed the present motion on March 9, 2011.
5  Plaintiffs have not responded to Wells Fargo's motion.

6  **II.    DISCUSSION**

7  Wells Fargo's motion seeks an "order pursuant to A.R.S. § 33-420 to quash the *lis*
8  *pendens* Plaintiffs recorded with the Maricopa County Recorder's Office." (Doc. 62 at 1).
9  "A *lis pendens* is a statutory method for a party to litigation to alert future purchasers or
10 encumbrancers of 'the property affected . . . and the claims . . . made' in the complaint." In
11 re Farnsworth, 384 B.R. 842, 847 (Bankr. D. Ariz. 2008) (quoting A.R.S. § 12–1191(B)).
12 A.R.S. §12-1191(B) serves two purposes: "(1) to give notice to future third parties that
13 whatever rights they might consider acquiring in the land could be subject to a superior right
14 asserted by the plaintiffs in a pending action, and (2) to enable the court in which the action
15 is pending to retain the power to fully deal with such property, to the exclusion of future
16 claimants." Farnsworth, 384 B.R. 847 (citing Hatch Cos. Contracting, Inc. v. Ariz. Bank,
17 170 Ariz. 553, 556, 826 P.2d 1179, 1182 (App.1991)).  Under Arizona law, in order to
18 determine "whether a *lis pendens* was wrongfully recorded, the court is limited to
19 considering whether the action is one affecting title to real property." Santa Fe Ridge
20 Homeowners' Ass'n v. Bartschi, 219 Ariz. 391, 395, 199 P.3d 646, 650 (App. 2008) (internal
21 citations and quotations omitted).  "A *lis pendens* is groundless or has no basis only when
22 the claim that the action affects title to real property has no arguable basis or is not supported
23 by any credible evidence." Id. (internal quotations omitted).

24 Because their complaint was dismissed, Plaintiffs are not engaged in any pending
25 action against Defendants. Therefore, Plaintiffs have no statutory basis on which to premise
26 a *lis pendens*. See A.R.S. § 12-1191(B).  Accordingly, Wells Fargo's motion to quash the
27 *lis pendens* will be granted.  See Bartschi, 219 Ariz. at 395, 199 P.3d at 650, see also Coit
28 v. Sutton Funding LLC, 2010 WL 2105116 (D. Ariz. May 24, 2010) (granting motion to

1  quash *lis pendens* where underlying complaint was dismissed).

2  Wells Fargo further asserts that pursuant to A.R.S. § 33-420, it is entitled to "statutory
3  damages in the amount of $1,000" and "attorneys' fees in connection incurred in obtaining
4  its statutory relief." (Doc. 62 at 3). A.R.S. § 33-420 states that a person named in a
5  wrongfully filed *lis pendens* shall be,

> liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he wilfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

10  A.R.S. § 33-420(C). Thus, to be entitled to statutory damages, Wells Fargo must
11  demonstrate that Plaintiffs willfully refused to take appropriate measures to have the *lis*
12  *pendens* removed. Wells Fargo asserts that its February 10, 2011 letter evinced Plaintiffs'
13  willful refusal. (Doc. 62 at 1). Although Wells Fargo has provided a copy of the letter,
14  (Doc. 62, Exh. A), it has not provided any evidence that there was an actual or attempted
15  delivery of said letter. Therefore, Wells Fargo has not provided sufficient evidence that
16  Plaintiffs willfully refused to remove the *lis pendens*. Accordingly, the Court finds that
17  granting Wells Fargo monetary relief under A.R.S. § 33-420 would be premature and denies
18  that portion of the motion without prejudice.

19  **Accordingly,**

20  **IT IS ORDERED** that Defendant Wells Fargo's Motion to Quash *Lis Pendens* is
21  granted in part and denied in part;

22  **IT IS FURTHER ORDERED** that Wells Fargo's motion as to quashing the *lis*
23  *pendens* is granted;

24  **IT IS FURTHER ORDERED** that Wells Fargo's motion as to statutory damages is
25  denied without prejudice.

26  / / /

**IT IS FURTHER ORDERED** directing the Clerk of the Court to reassign this case.

DATED this 7th day of April, 2011.

_____
Mary H. Murguia
United States District Judge

- 4 -